1   GARMAN TURNER GORDON LLP
2   WILLIAM M. NOALL
    California Bar No. 122244
3   Email: wnoall@gtg.legal
4   650 White Drive, Ste. 100
    Las Vegas, Nevada 89119
5   Telephone: 725-777-3000
6   Facsimile: 725-777-3112
    *Attorneys for American Dream Fund, LLC*

7

8               **UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  WENBIN WEI, individually and              Case No.: LACV1909031-JAK-SYX
    derivatively on behalf of Nominal
11  Defendant, SLS Tranche 1 Lender LLC,
12                                            **NOTICE  OF  MOTION  AND**
                    Plaintiff,                **MOTION     TO     DISMISS**
13                                            **COMPLAINT**
14  vs.
                                              Date:      4/20/2020
15  STOCKBRIDGE CAPITAL GROUP,                Time:      8:30 p.m.
    LLC; AMERICAN DREAM FUND,                 Judge:     Hon. John A. Kronstadt
16  LLC; CELONA ASSET                         Courtroom: 10B
    MANAGEMENT (USA) LTD.; LAS
17  VEGAS RESORT INVESTMENT
18  COMPANY LLC; LAS VEGAS
    RESORT HOLDINGS LLC; HENRY
19  GLOBAL CONSULTING GROUP;
20  PAM-AMERICA BUSINESS
    CONSULTING, LTD.; SB GAMING
21  LLC; STOCKBRIDGE REAL ESTATE
22  FUND II CO INVESTORS LV, LP;
    STOCKBRIDGE REAL ESTATE FUND
23  II-A, LP; STOCKBRIDGE REAL
    ESTATE FUND II-B, LP;
24  STOCKBRIDGE REAL ESTATE FUND
25  II-T, LP; STOCKBRIDGE REAL
    ESTATE FUND II-D, LP;
26  STOCKBRIDGE REAL ESTATE FUND
27  II-E, LP; STOCKBRIDGE REAL
28

                              i

1  ESTATE FUND III-A, LP;
2  STOCKBRIDGE REAL ESTATE FUND
   III-B, LP; STOCKBRIDGE REAL
3  ESTATE FUND III-C, LP; LAS VEGAS
   RESORT INTERMEDIATE COMPANY
4  LLC; LAS VEGAS RESORT VOTECO
   COMPANY, LLC; MERUELO
5  INVESTMENT PARTNERS LLC;
6  ALEX MERUELO,
7
8                              Defendants,
9  and
10
11 SLS TRANCHE 1 LENDER LLC,
12                             Nominal
   Defendant.
13

## NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE that on April 20, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable John A. Kronstadt of the United States District Court, in Courtroom 10B of the First Street Courthouse located at 350 W. First Street, Los Angeles, CA 90012, Defendant American Dream Fund, LLC ("ADF") will and hereby do move the Court for an order dismissing Plaintiff's Complaint. This motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(4), 12(b)(6), and 23.1.

The Motion is based on this Notice and the Memorandum of Points and Authorities below, the Declaration of George Ekins IV (the "Ekins Decl.") in support thereof; the Declaration of Stephen Davis, Esq (the "Davis Decl.") in support thereof; the Declaration of Dylan T. Ciciliano, Esq. (the "Ciciliano Decl."), argument of counsel at the hearing, and other such matters as may come before the Court on this matter.

1

2

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 24, 2019.

3

4

DATED this the 20th day of January, 2020.

GARMAN TURNER GORDON LLP

5

6

By: */s/William M. Noall*

7

WILLIAM M. NOALL

8

California Bar No. 122244

650 White Drive, Ste. 100

9

Las Vegas, Nevada 89119

Telephone: 725-777-3000

10

Facsimile: 725-777-3112

*Attorneys for American Dream Fund, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS ................................................................................. 2

LEGAL ARGUMENT ....................................................................................... 3

A.  Service of Process was ineffective, and the complaint must be dismissed with respect to ADF. ................................................................................................... 3

   1.  The Summons to ADF is defective and names non-parties. ......................... 4

   2.  ADF was not served with a summons and service was otherwise ineffective. ....................................................................................................... 4

B.  Plaintiff cannot bring a derivative action, as he fails to meet the statutory requirements. ..................................................................................................... 6

   1.  Plaintiff cannot bring a derivative claim pro se. ......................................... 6

   2.  Plaintiff did not verify his complaint. ......................................................... 7

   3.  Plaintiff fails to plead demand futility. ...................................................... 7

   4.  Plaintiff will not adequately represent Tranche 1. ...................................... 8

     a.  An Order to Show Cause should issue directing Plaintiff to identify the drafter of the Complaint ................................................................................. 9

C.  Plaintiff's claim for breach of fiduciary duty against ADF fails, as ADF is not a manager of Tranche 1. .................................................................................. 11

D.  The statute of limitations bars the fraud and breach of fiduciary duty claims. .............................................................................................................. 12

E.  Plaintiff does not plead its fraud claim with the required particularity. ....... 14

F.  Plaintiff's aiding and abetting mortgage fraud claim fails. .......................... 14

G.  Rescission is not an available remedy. ......................................................... 15

H.  Plaintiff fails to state a claim arising under RICO. ...................................... 15

   1.  The statute of limitations expired on any alleged RICO claim. ................. 16

   2.  Plaintiff fails to sufficiently plead his RICO claim. .................................. 16

iv

I.     Gross Mismanagement is not a claim recognized in Delaware. ....................17

J.     Count III for removal of manager must be dismissed..................................17

CONCLUSION.......................................................................................................18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*2009 Caiola Family Tr. v. PWA, LLC*,
  2015 WL 6007596 (Del. Ch. Oct. 14, 2015)...................................................17

*Advanced Advisors G. P. v. Berman*,
  2014 WL 12772264 (C.D. Cal. Sept. 16, 2014) .............................................7, 8

*Agency Holding Corp. v. Malley–Duff & Associates, Inc.*,
  483 U.S. 143 (1987) .........................................................................................16

*Arduini v. Hart*,
  774 F.3d 622 (9th Cir. 2014) ..............................................................................8

*Aronson v. Lewis*,
  473 A.2d 805 (Del.1984) .................................................................................7, 8

*Brennan v. Nat'l Equitable Inv. Co.*,
  160 N.E. 924 (N.Y. App. Div. 1928) ................................................................15

*Brewer v. Wells Fargo Bank, N.A.*,
  2013 WL 12110503 (C.D. Cal. July 16, 2013) .................................................16

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004).............................................................................3

*C.E. Pope Equity Trust v. United States*,
  818 F.2d 696 (9th Cir.1987)...............................................................................6

*Carpenter v. Thrifty Auto Sales*,
  2010 WL 11595928 (C.D. Cal. July 30, 2010) .................................................16

*Cohen v. Beneficial Loan Corp.*,
  337 U.S. 541 (1949) ...........................................................................................8

*Desoto v. Condon*,
  371 Fed. Appx. 822 (9th Cir. 2010) ..................................................................16

*Ellis v. J.P. Morgan Chase & Co.*,
  950 F. Supp. 2d 1062 (N.D. Cal. 2013) ............................................................14

*Hill v. Opus Corp.*,
  841 F. Supp. 2d 1070 (C.D. Cal. 2001) ............................................................16

*In re Actimmune Marketing Litig.*,
  614 F. Supp. 2d 1037 (N.D. Cal. 2009) ............................................................16

*In re Am. Int'l Group, Inc.*,
  965 A.2d 763 (Del. Ch. 2009)...........................................................................12

*In re Citigroup Inc. S'holder Derivative Litig.*,
  964 A.2d 106 (Del. Ch. 2009)...........................................................................17

*In re Computer Scis. Corp. Derivative Litig.*,
  2007 WL 1321715 (C.D. Cal. Mar. 26, 2007)....................................................7

vi

*In re Marvel Entm't Grp., Inc.*,
   Civ. Nos. 97–638, 98–756, 273 B.R. 58 (D.Del.2002) ....................................12

*In re MIPS Techs., Inc. Derivative Litig.*,
   542 F. Supp. 2d 968 (N.D. Cal. 2008) ............................................................7

*In re NAHC, Inc. Sec. Litig.*,
   306 F.3d 1314 (3d Cir. 2002) ........................................................................13

*JP Morgan Chase Bank v. Winnick*,
   406 F.Supp.2d 247 (S.D.N.Y.2005) ...............................................................14

*Kamen v. Kemper Fin. Services, Inc.*,
   500 U.S. 90 (1991) ..........................................................................................6

*Kelly v. Fuqi Int'l, Inc.*,
   2013 WL 135666 (Del. Ch. Jan. 2, 2013) ........................................................7

*Koral v. TigerTrade Services Inc.*,
   2019 WL 6790695 (C.D. Cal. Apr. 18, 2019) ..................................................5

*Lantau Holdings Ltd. v. Gen. Pac. Group Ltd.*,
   81 N.Y.S.3d 384 (N.Y. App. Div. 2018) ........................................................15

*Larson v. Dumke*,
   900 F.2d 1363 (9th Cir. 1990) .....................................................................8, 9

*Lerner v. Fleet Bank, N.A.*,
   459 F.3d 273 (2d Cir. 2006) ..........................................................................14

*Levine v. Smith*,
   591 A.2d 194 (Del.1991) .................................................................................8

*McShane v. United States*,
   366 F.2d 286 (9th Cir.1966) ............................................................................6

*Meyer v. Fleming*,
   327 U.S. 161 (1946) ........................................................................................6

*Phillips v. Tobin*,
   548 F.2d 408 (2nd Cir.1976) ...........................................................................7

*Pinnavaia v. Moody-Stuart*,
   2009 WL 4899218 (N.D. Cal. Dec. 11, 2009) .................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Stumpf*,
   2012 WL 424557 (N.D. Cal. Feb. 9, 2012) ....................................................17

*Quinn v. Anvil Corp.*,
   620 F.3d 1005 (9th Cir. 2010) .........................................................................8

*Rosenbloom v. Pyott*,
   765 F.3d 1137 (9th Cir. 2014) .........................................................................6

*Ross v. Bernhard*,
   396 U.S. 531 (1970) ........................................................................................6

*Rotella v. Wood*,
   528 U.S. 549 (2000) ......................................................................................16

*Schreiber Distrib. Co. v. Serv–Well Furniture Co.*,
806 F.2d 1393 (9th Cir.1986) ..................................................... 16, 17
*Shanghai Qichengyueming Inv. P'ship Enter. v. Jia Yueting*,
2018 WL 6844712 (C.D. Cal. Dec. 11, 2018) ...................................... 4
*Shevick v. Zupon Entertainment, LLC*,
2011 WL 2495040 (C.D.Cal.,2011) ................................................... 6
*Simon v. Hartford Life, Inc.*,
546 F.3d 661 (9th Cir. 2008) ............................................................. 6
*South v. Baker*,
62 A.3d 1 (Del. Ch. 2012) (dismissing ............................................. 9
*Strojnik v. Kapalua Land Co. Ltd*,
379 F. Supp. 3d 1078 (D. Haw. 2019) ............................................... 7
*Tart Optical Enterprises, LLC v. Light Co. Ltd.*,
2017 WL 5957728 (C.D. Cal. Sept. 27, 2017) ................................... 4
*United States v. High Country Broadcasting Co.*,
3 F.3d 1244 (9th Cir.1993) ................................................................ 7
*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ...................................................... 11, 12
*Vasic v. Patent Health, L.L.C.*,
2013 WL 12076475 (S.D. Cal. Nov. 26, 2013) ............................. 3, 5
*Vess v. Ciba–Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ......................................................... 14
*Youngman v. Tahmoush*,
457 A.2d 376 (Del. Ch. 1983) ........................................................... 9

## Statutes

10 Del. C. § 8106(a) ........................................................................... 12
18 U.S.C. § 1962 ................................................................................ 16
California Code of Civil Procedure 415.20(a) .................................... 5

## Rules

Del. Ch. Ct. R. 23.1 ............................................................................. 6
FRCP. 23.1(b)(3) ................................................................................. 7
FRCP 4 ............................................................................................ 1, 3
FRCP 4(e)(1) ....................................................................................... 5
FRCP 4(m) .......................................................................................... 4
FRCP 9(b) ................................................................................... passim
FRCP 23.1 ................................................................................... 6, 7, 9
L.R. 7 ........................................................................................... iii, 16

Rule 12(b)(4) ...................................................................................................3
Rule 12(b)(5) ...................................................................................................4

Other Authorities

3 iii, 16
4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083
    (3d ed. 2002 & Supp. 2003) ......................................................................4

# I.

## INTRODUCTION

This action arises from a group of nearly 200 investors' participation in the EB-5 Immigrant Investor Pilot Program (the "<u>EB-5 program</u>") sponsored by United States Citizenship and Immigration Services ("<u>USCIS</u>"). Each of the investors invested $500,000 in SLS Tranche 1 Lender, LLC ("<u>Tranche 1</u>"). Tranche 1 loaned the invested funds to an entity redeveloping the Sahara Hotel & Casino in Las Vegas, Nevada. In exchange, each investor has become a permanent resident of the United States. ADF is a regional center approved by USCIS to coordinate investments in Las Vegas, Nevada. While ADF acted as the regional center for the Tranche 1 investment, ADF was not a manager of Tranche 1 and is not alleged to have made any false statements to Tranche 1 or any of its investors.

Plaintiff, an investor in Tranche 1, purports to bring the present action derivatively on behalf of Tranche 1. Plaintiff alleges that Tranche 1 was defrauded into making the loan in 2014.

The Complaint must be dismissed with prejudice as it relates to ADF. First, Plaintiff failed to effectuate service on ADF. As the Court will not hear the present motion until after the expiration of FRCP 4's 90 day deadline, the matter must be dismissed.

Second, Plaintiff cannot represent Tranche 1 pro se, as he seeks to do. Furthermore, even if he could, Plaintiff is not an adequate representative. Despite representing himself, Plaintiff claims that he did not draft the complaint, understand the allegations therein, or have any understanding of the law governing his claims. In short, he cannot adequately represent Tranche 1, and the interests of the hundreds of Tranche 1's immigrant investors.

Finally, each of the claims is fatally defective, as Plaintiff fails to plead any plausible claim against ADF. To the extent he alleges claims based in fraud, Plaintiff also fails to satisfy FRCP 9(b).

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

1

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

Accordingly, Plaintiff's complaint fails and the claims against ADF must be dismissed with prejudice.

## II.

## STATEMENT OF FACTS[1]

Plaintiff is a Chinese national who participated in the EB-5 Program sponsored by USCIS to obtain legal permanent residency in the United States. Under this program, Plaintiff invested $500,000 in the redevelopment of a hotel and casino project in Las Vegas, Nevada, that was approved by USCIS.

The EB-5 program, established by Congress, provides a path to United States citizenship for foreign citizens who invest at least $500,000 into qualified development projects in high-unemployment areas that create at least ten jobs per investment. EB-5 regional centers sponsor these projects with USCIS approval and form the investment vehicles into which immigrant investors contribute their required capital. EB-5 investors associate with the regional center by investing in one of the regional center-sponsored projects through a membership interest in the investment vehicle. The investment vehicle then deploys the aggregated capital investments of EB-5 investors as a loan or equity into the development project sponsored by the regional center.

Here, ADF is designated by USCIS to coordinate foreign EB-5 investment in the Las Vegas area.

Beginning in 1952, the Sahara Hotel and Casino ("Sahara") operated on the Las Vegas Strip. In 2007, Las Vegas Resort Investment Company, LLC ("InvestCo"), a subsidiary of Stockbridge Capital Group, LLC, with the intent to redevelop the property into an SLS hotel. To raise capital for the project, InvestCo sought EB-5 financing through the Regional Center.

---

[1] The facts herein are provided to give the Court an understanding of the dispute.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

2                    MOTION TO DISMISS COMPLAINT, CASE NO.:
                                   LACV1909031-JAK-SYX

Tranche 1 was created as that investment vehicle. Plaintiff made his investment through an LLC membership interest in Tranche 1. Plaintiff had to sign Tranche 1's Amended and Restated Operating Agreement (the "<u>Operating Agreement</u>"), in order to become a member of Tranche 1. The Operating Agreement is attached hereto as **Exhibit 1-E**.

In January 2014, Tranche 1 entered into a loan agreement with InvestCo to provide $198 million to finance the hotel project. [ECF No. 1 at p. 2, 28]. InvestCo had already secured $300 million in financing from J.P. Morgan Securities, LLC and another $200 million in financing from EB-5 investors through a separate investment vehicle, SLS Lender, through the Regional Center.  Tranche 1's debt was junior to that of J.P. Morgan's.

The SLS Hotel opened in August 2014.  The property experienced several years of financial difficulties. In October 2017, InvestCo and its lenders, including Tranche 1, reached an agreement providing for the sale of the SLS Hotel to the Muruelo Group.  These parties structured the deal to secure the potential repayment of the Plaintiffs' original investments and protect Plaintiffs' eligibility for legal permanent residency.

## III.

## LEGAL ARGUMENT

A. <u>**Service of Process was ineffective, and the complaint must be dismissed with respect to ADF.**</u>

"A federal court does not have [personal] jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Vasic v. Patent Health, L.L.C.*, 2013 WL 12076475, at *2 (S.D. Cal. Nov. 26, 2013). It is plaintiffs' "burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

"A defendant may move to dismiss or quash under Rule 12(b)(4) for a defect

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

3

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

in the summons itself and under Rule 12(b)(5) for insufficient service of process." *Shanghai Qichengyueming Inv. P'ship Enter. v. Jia Yueting*, 2018 WL 6844712, at *2 (C.D. Cal. Dec. 11, 2018); *Tart Optical Enterprises, LLC v. Light Co. Ltd.*, 2017 WL 5957728, at *4 (C.D. Cal. Sept. 27, 2017)(finding dismissal appropriate when the 90-day period to serve the complaint under FRCP 4(m) has expired).

### 1. The Summons to ADF is defective and names non-parties.

On October 21, 2019, Wenbin Wei had a summons issued for SLS Lender Manager LLC, George W. Ekins and ADF. [ECF No. ECF No. 9]. Notably, SLS Lender Manager, LLC and George W. Ekins are not named or identified in the complaint. On its face, the summons is defective as it names non-parties to the litigation. Thus, service should be quashed.

### 2. ADF was not served with a summons and service was otherwise ineffective.

ADF is a California limited liability company. [Ekins Decl. at ¶ 2]. The California Secretary of State identifies that Joseph McCarthy is the agent for service of process at 880 Apollo Street, Suite 111, El Segundo Ca 90245 (the "Registered Agent Address"). [*Id.*; Exhibit 1-A]. ADF has a business address of 7755 Center Ave #1100, Huntington Beach, CA 92647 (the "Business Address"). [Ekins Decl. at ¶ 3]. The Business Address are executive suites, where multiple non-affiliated businesses share office space, including the reception areas. [*Id.*]. The receptionist at the Business Address is not an employee of ADF or its affiliates. [*Id.*]. The receptionist is in no way in charge of ADF and is not a gatekeeper for ADF. [*Id.*].

On October 21, 2019, Plaintiff initiated the present action. [ECF No. 1]. A month later, on November 21, 2019, Xuejun Ma, who goes by the name Zoe Ma,[2] emailed ADF a copy of the Complaint and asked to schedule a meeting with ADF.

---

[2] As set forth below, Zoe Ma likely drafted the Complaint, an unauthorized practice of law.

**Garman Turner Gordon LLP**
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

4   MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

1    [Ekins Decl. at ¶4; **Exhibit 1-G**].

2        On or about December 11, 2019, an unknown individual dropped off a copy

3 of the Complaint and summons for Stockbridge Capital Group, LLC, et al. [ECF No.

4 4] to a receptionist at the Business Address that is shared with multiple entities.

5 [Ekins Decl. at ¶ 11; Exhibit 1-D]. A copy of the summons for ADF was not

6 provided. [Ekins Decl. at ¶ 12; ECF No. 9].

7        Also on or about December 11, 2019, an unknown person, Jingjing Zhang,

8 sent the Complaint by certified mail to ADF's Registered Agent and Business

9 Address. [Ekins Decl. at ¶ 13]. Once again, the summons for Stockbridge Capital

10 Group was included in the packages, but no summons for ADF was included. [Ekins

11 Decl. at ¶ 13].

12        While substituted service may be effectuated on a limited liability company

13 pursuant to California Code of Civil Procedure 415.20(a), "the plaintiff must leave a

14 copy of the summons and the complaint with an individual "who is apparently in

15 charge," and thereafter mail "a copy of the summons and complaint by first-

16 class mail, postage prepaid to the person to be served" at the place the "summons and

17 complaint were left." Cal. Civ. Proc. Code § 415.20(a); *Vasic v. Patent Health,*

18 *L.L.C.*, 13CV849 AJB (MDD), 2013 WL 12076475, at *2 (S.D. Cal. Nov. 26, 2013);

19 *see also* FRCP 4(e)(1); *Koral v. TigerTrade Services Inc.*, 2019 WL 6790695, at *1

20 (C.D. Cal. Apr. 18, 2019).

21        Plaintiff failed to effectuate service on ADF. Plaintiff did not attempt to serve

22 ADF's registered agent or its managers. Additionally, to the extent he attempted

23 substituted service, service was likewise defective. As stated in the Declaration of

24 George Ekins, the summons for ADF was never left at ADF's Registered Agent

25 Address or Business Address. [Ekins Decl. at ¶¶ 11-13]. Additionally, the Complaint

26 was not left with a person "who is apparently in charge" of ADF. To the contrary, it

27 was left in a reception area for shared offices. [*Id*. at ¶ 3]. Likewise, when Plaintiff

28 (or his agent) mailed the Complaint, they failed to include a summons for ADF.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

5      MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

Accordingly, Plaintiff failed to accomplish substituted service. Thus, service should be quashed. And since 90-days will have expired, the Court should also dismiss the Complaint with respect to ADF.

**B.**     **Plaintiff cannot bring a derivative action, as he fails to meet the statutory requirements.**

Plaintiff cannot bring derivative claims under FRCP 23.1. The substantive law applicable to a derivative action is the law of the state where the subject entity was formed. *Rosenbloom v. Pyott*, 765 F.3d 1137, 1148 (9th Cir. 2014); *Kamen v. Kemper Fin. Services, Inc.*, 500 U.S. 90, 98 (1991). SLS Tranche 1 Lender, LLC is a Delaware LLC; therefore, Delaware laws apply.

**1.**     **Plaintiff cannot bring a derivative claim pro se.**

While 28 U.S.C. § 1654 permits parties to "plead and conduct their own cases personally," "it is well established that the privilege . . . does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966). "In an action brought by a pro se litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Simon*, 546 F.3d at 664 (quoting *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987)).

In derivative actions, the limited liability company **the entity** "is the real party in interest." *Ross v. Bernhard,* 396 U.S. 531, 539 (1970) ("The proceeds of the action belong to the corporation and it is bound by the result of the suit."); *Meyer v. Fleming,* 327 U.S. 161, 167 (1946); *see also Shevick v. Zupon Entertainment, LLC*, 2011 WL 2495040, at *2 (C.D.Cal.,2011)(finding an LLC to not be nominal when the "Plaintiff *has* brought at least one of his claims on behalf of [] LLC for harm suffered by [] LLC"). Delaware law requires that a derivative claimant be one that can adequately and fairly represent the interests of other members and the company. Del. Ch. Ct. R. 23.1.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

6       MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

Accordingly, derivative actions cannot be brought pro se. *Kelly v. Fuqi Int'l, Inc.*, 2013 WL 135666, at \*7 (Del. Ch. Jan. 2, 2013); *Pinnavaia v. Moody-Stuart*, 2009 WL 4899218, at \*3 (N.D. Cal. Dec. 11, 2009); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir.1993); *Phillips v. Tobin,* 548 F.2d 408, 415 (2nd Cir.1976) (*pro se* litigant may not prosecute a shareholder's derivative action); *see also Strojnik v. Kapalua Land Co. Ltd*, 379 F. Supp. 3d 1078, 1080 (D. Haw. 2019)(recognizing pro se litigants cannot bring representative suits).

Plaintiff purports to bring the "Shareholder Derivative Complaint" pro se. All of the claims are derivative in nature and seek to vindicate Tranche 1's rights. As Plaintiff may not bring a derivative action in proper person, the complaint must be dismissed.

### 2. Plaintiff did not verify his complaint.

FRCP 23.1 (b) requires that plaintiff verify a derivative complaint. Plaintiff did not verify his complaint. Therefore, the complaint must be dismissed. *In re MIPS Techs., Inc. Derivative Litig.,* 542 F. Supp. 2d 968, 974 (N.D. Cal. 2008)

### 3. Plaintiff fails to plead demand futility.

"Under Federal Rule of Civil Procedure 23.1, a shareholder seeking to vindicate the interests of a corporation through a derivative suit must first demand action from the corporation's directors or plead with particularity the reasons why such a demand would have been futile." *In re Computer Scis. Corp. Derivative Litig.*, 2007 WL 1321715, at \*4 (C.D. Cal. Mar. 26, 2007); *see also* FRCP. 23.1(b)(3); *Advanced Advisors G. P. v. Berman*, 2014 WL 12772264, at \*5 (C.D. Cal. Sept. 16, 2014). "On a motion to dismiss for failure to comply with the requirements of Rule 23.1 and Delaware law, a court limits its consideration of the facts to the particularized facts alleged in the complaint, thus Plaintiffs' pleading burden is more onerous than that required to withstand an ordinary motion to dismiss." *In re Computer Scis. Corp. Derivative Litig.*, 2007 WL 1321715, at \*4 (citing *Aronson v.*

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

7                    MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

*Lewis*, 473 A.2d 805, 813 (Del.1984)). Conclusory "allegations of facts or law not supported by allegations of specific fact may not be taken as true." *Levine v. Smith,* 591 A.2d 194, 207 (Del.1991).

The Complaint concedes that Plaintiff failed to make a demand on SLS Tranche 1 Lender. [ECF No. 1 at ¶¶ 47-48]. Instead, Plaintiff contends that demand would be futile because ADF has already asserted that claims in another action are without merit. [*Id* at ¶ 48]. The test for demand futility is not whether a board will pursue claims, but whether it is independent and disinterested. "Demand is excused [only] if Plaintiff creates a "reasonable doubt" as to whether the directors considering the demand are disinterested and independent." *Advanced Advisors G. P.*, 2014 WL 12772264, at *9 (C.D. Cal. Sept. 16, 2014); *Aronson v. Lewis,* 473 A.2d at 812. Additionally, Plaintiff fails to set forth with particularity how a party's defense of direct claims in another action amounts to demand futility.

Plaintiff therefore fails to set forth any facts sufficient to establish that demand was futile, let alone with the requisite particularity, warranting dismissal of the derivative claims. *Arduini v. Hart*, 774 F.3d 622, 628 (9th Cir. 2014).

### 4. Plaintiff will not adequately represent Tranche 1.

Derivative suits are suits of last resort. *Quinn v. Anvil Corp.,* 620 F.3d 1005, 1014 (9th Cir. 2010). A derivative suit sounds in equity, which allows a member "to step into [Tranche 1's] shoes and to seek in its right the restitution he could not demand in his own." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 548 (1949). As such, the derivative plaintiff is a fiduciary and the claims are "dependent upon his diligence, wisdom and integrity." *Id*. Thus, a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of …members who are similarly situated in enforcing the right of the [LLC]." FRCP 23.1(a); *Larson v. Dumke*, 900 F.2d 1363, 1366-67 (9th Cir. 1990).

It is frequently a combination of multiple factors which leads a court to conclude that a claimant is not an adequate representative.  Among those factors,

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

courts consider the following:

> (1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; ... (5) the lack of any personal commitment to the action on the part of the representative plaintiff"; (citations omitted), (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; and (8) plaintiff's vindictiveness toward the defendants.

*Larson*, 900 F.2d at 1367; *see also Youngman v. Tahmoush*, 457 A.2d 376, 380-81 (Del. Ch. 1983) (listing factors to be considered on a rule 12 motion to dismiss); *South v. Baker*, 62 A.3d 1, 22 (Del. Ch. 2012) (dismissing claims with prejudice).[3]

As set forth in the Davis Declaration, when ADF met and conferred with Plaintiff pursuant to L.R. 7-3, Plaintiff admitted that he did not draft the Complaint, was unfamiliar with the claims therein, was unfamiliar with the law, and was generally unfamiliar with the English language. [Davis Decl. at ¶ 6]. Given these admissions, it is impossible that Plaintiff could adequately represent Tranche 1 and prosecute its claims. This should be of unique concern as Plaintiff seeks the rescission of an investment that would have unknown immigration consequences for hundreds of families. As such, the Complaint must be dismissed.

### a. An Order to Show Cause should issue directing Plaintiff to identify the drafter of the Complaint.

It is quite troubling that Plaintiff admits that he did not draft the complaint and does not understand its contents. He is purported to represent Tranche 1 in proper person. The likely reality is that the Complaint was ghostwritten by a Ms. Xuejun

---

[3] The adequacy of representation considered in class actions is used in the context of Rule 23.1 because both types of plaintiffs act as fiduciaries  *Youngman v. Tahmoush*, 457 A.2d 376, 379 (Del. Ch. 1983)("Despite the lack of a specific requirement in Rule 23.1 as to the competency of a stockholder derivative plaintiff, the imposition of an adequacy of representation requirement for derivative suits is entirely consistent with that which is utilized in Rule 23 relating to class actions because the plaintiff in both types of suits acts as a fiduciary.").

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

9                    MOTION TO DISMISS COMPLAINT, CASE NO.:
                     LACV1909031-JAK-SYX

Zoe Makhsous, a person who is not licensed to practice law in any jurisdiction in the United States.

Ms. Makhsous holds herself out as an advocate for EB-5 investors in legal matters. [Ekins Decl. at ¶ 6]. She previously brought an American Arbitration Association proceeding, Case No. 01-19-0002-1684, against ADF on behalf of several investors in the SLS project. [Davis Decl. at ¶ 8]. Subsequently, in that arbitration, ADF moved the tribunal for emergency relief as Ms. Makhsous's representation of claimants was an unauthorized practice of law in California, Nevada, and other jurisdictions. On September 24, 2019, the tribunal prohibited Ms. Makhsous from continuing to represent claimants in that proceedings. *See* Order by the Emergency Arbitrator: (1) Denying Claimants' Application for Emergency Relief, and (2) Granting Respondents' Application for Emergency Relief, *Jingcheng Liang, et al. v. SLS Lender Manager, LLC et al.*, ICDR Case No. 01-19-0002-1684 (Sept. 24, 2019). The order is attached as **Exhibit 2-A**.

On September 26, 2019, Ms. Makhsous, who also uses the monikers EB-5 Dark Hours and EB-5 Arbitration and Litigation Specialists, distributed a letter to a WeChat[4] group of "all investors in SLS phase I emergency arbitration" and that Letter was subsequently posted to a larger group of investors in the SLS project (the "Letter"). The Letter is attached hereto as **Exhibit 1-C**. Therein, Ms. Makhsous encourages the investors to bring a derivative action by October 26, 2019. Plaintiff filed this action on October 21, 2019. [ECF No. 1].

In addition to Ms. Makhsous advising investors to file a derivative lawsuit, which is an unauthorized practice of law, after Plaintiff filed the instant lawsuit, on November 21, 2019, Ms. Makhsous emailed ADF a copy of the Complaint and asked to schedule a meeting between ADF, her and the Plaintiff. [Ekins Decl. at ¶ 4; Exhibit 1-G].

---

[4] WeChat is a Chinese messaging and social media platform.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

10

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

Additionally, there is ample evidence that the Complaint was drafted by Ms. Makhsous. The allegations in the Complaint are identical to those pled by Ms. Makhsous in another Court. Ms. Makhsous is the plaintiff in an action pending in the North District of Illinois, Case No. 19-CV-01230, where Ms. Makhsous is directly suing in proper person a different EB-5 project on behalf of investors. [Amended Complaint, ECF. No. 27 (the "Makhsous Complaint"), Case No-19-CV-01230 (N.D. Ill. April 17, 2019)], attached hereto in relevant parts as **Exhibit 3-A**]. The allegations in that Makhsous Complaint are recited verbatim in the present action, and particularly the RICO claims. [Compare ECF No. 1 at ¶¶ 77-98; *with* Makhsous Complaint at ¶¶ 203-230]. The only explanation for the similarities between the complaints is that Ms. Makhsous has unlawfully drafted the Complaint. Plaintiff has also acted to conceal Ms. Makhsous' criminal act. For instance, he has stated that he was represented by counsel in this matter but refused to identify counsel and has proceeded in pro per. [Davis Decl. at ¶ 2]. As Plaintiff's adequacy of representation, and therefore those working on his behalf, are at issue, the Court should issue an order to show cause, directing Plaintiff to identify who drafted his Complaint.

## C.  Plaintiff's claim for breach of fiduciary duty against ADF fails, as ADF is not a manager of Tranche 1.

While an LLC's manager may owe a general fiduciary duty to the LLC, ADF is not a manager of Tranche 1. While the Complaint alleges that "ADF is Class A Member and Class A Manager of [Tranche 1]" [ECF No. 1 at ¶ 16], ADF is not the Class A member or manager of Tranche 1.

As set forth in the Operating Agreement,[5] Las Vegas Regional Center Manager, LLC ("LVRC Manager") is the Class A Manager of Tranche 1. [Operating

---

[5] The Court may consider the Operating Agreement, as it is incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see* ECF No. 1 at ¶¶ 51, 63, 70.

**Garman Turner Gordon LLP**
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

11                    MOTION TO DISMISS COMPLAINT, CASE NO.:
                      LACV1909031-JAK-SYX

Agreement, Exh. 1-E at pp. 42-43].[6] Accordingly, the Complaint fails to state a claim against ADF.

Even if ADF were the Class A manager, the Complaint fails to allege that ADF breached any duty to Tranche 1. Importantly, Tranche 1 has two classes of managers, a class A manager and a class B manager.  Tranche 1 is not managed by the Class A manager, it is managed by the Class B manager.  Expressly, upon appointment of the Class B Manager, the Class B manager assumes all management responsibility of Tranche 1. [Operating Agreement, Exh. 1-E, at §5.2.1].   The Operating Agreement is clear that:

> **Class B Manager shall make all decisions and assume all powers, rights, discretions, and authority to the exclusion of the Class A Manager**. The Class B Manager shall be responsible for overseeing and monitoring the management of the business, property and affairs of the Company on behalf of the Class B Members in accordance with the provisions of this Agreement.

[*Id.* at § 5.2.4 (emphasis added)].  This was further explained in the PPM, which provides that "the Class B Manager will exercise all the management powers and rights to the exclusion of [LVRC Manager]."  [Exh. 1-F, at p. 27].

LVRC Manager neither has the duty nor the ability to manage Tranche 1 Lender, such that LVRC Manager (or ADF) had no fiduciary duty with respect to the management of Tranche 1.

Accordingly, the Court should dismiss with prejudice Count I (breach of fiduciary duty) and Count II (Gross Mismanagement), as it pertains to ADF, as each claim requires the existence of a non-existent fiduciary duty.

**D.** **The statute of limitations bars the fraud and breach of fiduciary duty claims.**

Claims for fraud and breach of fiduciary duty are all subject to a three-year statute of limitations.  *See* 10 Del. C. § 8106(a); *In re Marvel Entm't Grp., Inc.*, Civ. Nos. 97–638, 98–756, 273 B.R. 58, 80 (D.Del.2002); *In re Am. Int'l Group, Inc.*,

---

[6] ADF is LVRC Manager's manager. [*Id.*].

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

965 A.2d 763, 812 (Del. Ch. 2009), *aff'd sub nom. Teachers' Ret. Sys. of Louisiana v. PricewaterhouseCoopers LLP*, 11 A.3d 228 (Del. 2011).

First, Plaintiff alleges that "Stockbridge and SLS Las Vegas failed to disclose to [Tranche 1] and its members fee payment agreements with Henry Global and its affiliates." [ECF No. 1 at ¶ 69; *see also id.* at ¶ 54]. While Plaintiff and the investors were aware that fees would be paid, indisputably Stockbridge/SBE Investment Company, LLC's Form 10-Q SEC Filing, dated and filed August 21, 2014, discloses the nature and extent of "fee payment agreements." [**Exhibit 3-B** at pp. 22-23].

For purposes of the statute of limitations courts "impute knowledge of public information without inquiring into when, or whether, individual shareholders actually knew of the information in question." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1325 (3d Cir. 2002). Expressly, SEC filings, such as 10-Qs and 8-Ks are public documents that serve to provide inquiry notice on their day of filing. *Id.* at 1326 (holding "the district court correctly applied the inquiry notice test in determining that 'Appellants were on inquiry notice of that claim no later than June 16, 1999, when NovaCare filed a Form 8–K.'"). Thus, when information became known to the public, Claimants are charged with inquiry notice and the statute of limitations begins to run. *Id.* Accordingly, claims related to the fee agreements had to be brought by August 21, 2017, more than two years prior to the Complaint.

Additionally, Plaintiff contends that defendants misrepresented that "Stockbridge and SLS Las Vegas . . . made cash equity of $359.2 million dollars to the development of SLS Hotel and Casino through July 2, 2013." [*Id.* at ¶ 71, *see also id.* at ¶ 54]. Plaintiff claims that an Independent Auditor's Report dated March 30 2016 shows that no equity investment was made.[7] While Plaintiff's claim is false, even if true, the statute of limitations expired no later than March 30, 2019. Thus,

---

[7] Plaintiff's fails to understand the contents of the audit report, attached hereto as Exhibit 3-B, and "equity investment" generally. Plaintiff confuses equity in the project for equity invested. The basic failure to understand these concepts illustrates that Plaintiff cannot represent Tranche1.

**Garman Turner Gordon LLP**
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

13                          MOTION TO DISMISS COMPLAINT, CASE NO.:
                                       LACV1909031-JAK-SYX

1   the statute of limitations bars the claims.

2   **E.     Plaintiff does not plead its fraud claim with the required particularity.**

3   Where the vast majority of claims "allege[] a unified course of fraudulent

4   conduct and rely entirely on that course of conduct as the basis of a claim," such that

5   "the claim is said to be 'grounded in fraud' or to 'sound in fraud,' the pleading of

6   such claims must satisfy the particularity requirement of FRCP 9(b)." *Ellis v. J.P.*

7   *Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1087 (N.D. Cal. 2013) (quoting *Vess*

8   *v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103–04 (9th Cir. 2003) (other cites

9   omitted). Plaintiff fails to set forth the alleged "who, what, when, where, and how"

10  of the alleged fraudulent conduct or "set forth an explanation as to why [any]

11  statement or omission complained of was false and misleading," justifying dismissal.

12  Generally, Plaintiff fails to plead with particularity any fraudulent conduct

13  engaged in by any defendant. Specifically, Plaintiff fails to identify any

14  representations or false statement made by ADF or ADF's involvement. In fact, the

15  fraud allegation fails to make any allegation whatsoever against ADF. [ECF No. 1

16  at ¶¶ 69-72]. Accordingly, the claim fails to satisfy FRCP 9 and must be dismissed.

17  **F.     Plaintiff's aiding and abetting mortgage fraud claim fails.**

18  Count IV in the Complaint is for Mortgage Fraud and aiding Mortgage Fraud.

19  [ECF No. 1 at ¶¶ 72-75]. As ADF did not make a loan to Tranche 1, therefore, the

20  claim against ADF is one for aiding and abetting fraud.

21  To establish liability for aiding and abetting fraud, the plaintiffs must show

22  "(1) the existence of a fraud; (2)[the] defendant's knowledge of the fraud; and (3)

23  that the defendant provided substantial assistance to advance the fraud's

24  commission." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006)(citing

25  *JP Morgan Chase Bank v. Winnick,* 406 F.Supp.2d 247, 252 (S.D.N.Y.2005)).[8]

26  Aiding and abetting fraud must be pled with particularity under FRCP 9(b). *Id.*

27

28  _____

[8] The Loan Agreement is subject to a New York choice of law provision.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

14

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

1    Plaintiff fails to plead that ADF was aware of the alleged fraud (there was no

2    fraud) or that ADF provided substantial assistance (there was no assistance).

3    Likewise, Plaintiff fails to satisfy FRCP 9(b). Thus, the Complaint fails to plead a

4    claim against ADF for aiding and abetting fraud.

5    **G.    Rescission is not an available remedy.**

6    Plaintiff seeks to "rescind" the January 2014 loan agreement. [ECF No. 1 at

7    p. 28]. Rescission "is an equitable remedy that is "to be invoked only when there is

8    lacking complete and adequate remedy at law and where the status quo may be

9    substantially restored" *Lantau Holdings Ltd. v. Gen. Pac. Group Ltd.*, 81 N.Y.S.3d

10   384, 386 (N.Y. App. Div. 2018). It has long been established that a request for

11   "rescission is nullified by the subsequent acceptance of benefits growing out of a

12   contract claimed to have been rescinded." *Brennan v. Nat'l Equitable Inv. Co.*, 160

13   N.E. 924, 925 (N.Y. App. Div. 1928).

14   Plaintiff seeks to rescind the loan from Tranche 1. There is an adequate

15   remedy at law, i.e. the return of the investment pursuant to the terms of the loan.

16   Accordingly, rescission is not available.

17   Additionally, the status quo cannot be restored. The loan served as the basis

18   of Tranche 1's investors EB-5 application. In other words, Plaintiff and the other

19   investors could not have received their green cards, but for the Tranche 1 loan. Not

20   only was the acceptance of the green card a benefit which nullifies the request for

21   rescission, but practically the loan cannot be rescinded as there is no way to rescind

22   the benefit conferred—permanent residency—and return the status quo.

23   **H.    Plaintiff fails to state a claim arising under RICO.**

24   Generally, Plaintiff described a scheme whereby defendants:

25   1) induced Plaintiff to wire $545,000 to accounts controlled by
     Defendants and to pay transaction based fees to Defendants without full
26   disclosure; 2) entered compensation agreement among Defendants
     Stockbridge, ADF and Henry Global; 3) pay kickback commission and
27   unjustified management fee through wire transfer to banks controlled
     by Defendants Stockbridge, ADF and Henry Global based either in the

28

**Garman Turner Gordon LLP**
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

15

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

US or overseas, to unknown entities of Pan America and Golden Advisors Limited in particular. Defendants.

[ECF No. 1 at ¶ 84].

### 1.    The statute of limitations expired on any alleged RICO claim.

The United States Supreme Court established a 4–year limitations period for civil RICO claims. *Agency Holding Corp. v. Malley–Duff & Associates, Inc.,* 483 U.S. 143, 156 (1987); *see also Rotella v. Wood*, 528 U.S. 549, 552 (2000). While there were no "kickback commission" or "unjustified management fees," on August 21, 2014, the nature and extent of all fees paid and accrued over the life of the loan were publicly disclosed in Stockbridge/SBE Investment Company, LLC's Form 10-Q SEC Filing. Accordingly, by August 21, 2014, Plaintiff would have been aware of the injury he now claims Tranche 1 suffered. The statute of limitations therefore ran more than a year before he filed the complaint.

### 2.  Plaintiff fails to sufficiently plead his RICO claim.

In addition to pleading the statutory requirements under Section 1962, a RICO claim must also satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b). *Brewer v. Wells Fargo Bank, N.A.*, 2013 WL 12110503, at \*5 (C.D. Cal. July 16, 2013) (citing *In re Actimmune Marketing Litig.*, 614 F. Supp. 2d 1037, 1055 (N.D. Cal. 2009)).  "A RICO complaint must allege "the time, place, and manner of each predicate act, the nature of the scheme involved, and the role of each defendant in the scheme." *Id*. (citing *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1088 (C.D. Cal. 2001); *Desoto v. Condon*, 371 Fed. Appx. 822, 824 (9th Cir. 2010); *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986). Conclusory RICO claims must be dismissed. *Carpenter v. Thrifty Auto Sales*, 2010 WL 11595928, at \*4 (C.D. Cal. July 30, 2010)

Here, Plaintiff fails to allege the occurrence of any "racketeering activity" within the meaning of 18 U.S.C. § 1962, let alone any actions which are redressable under RICO.  While Plaintiff uses the word "racketeer" and claims that defendants

**Garman Turner Gordon LLP**
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

16

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

conduct is "indictable," he fails to identify or allege that Defendants engaged in any predicate activities. [*See* ECF No.1 at ¶¶ 84-86]. Moreover, Plaintiff fails to indicate which Defendant allegedly engaged in which prohibited activity, or how such actions constitute a prohibited pattern under RICO. (*See id.*). None of the allegations rise to FRCP 9(b)'s heightened pleading standards. Likewise, none of the allegations identify how ADF engaged in the alleged racketeering.

Nothing in Plaintiff's Complaint delineates any discrete racketeering activities which collectively form a pattern that constitutes a redressable RICO violation. Instead, Plaintiff proffers generic, vague allegations that Defendants collectively engaged in "racketeering." For example, Plaintiff claims that Defendants entered into fee agreements. [*See* ECF No. 1 at ¶ 84]. While Plaintiff claims that Defendants used "the mails to submit kickback agreements among each other" and "interstate 'wires'-in connection with the racketeering activity and fraud," he fails to establish or set forth facts amounting to racketeering activity. [*Id*].

## I.   **Gross Mismanagement is not a claim recognized in Delaware.**

"Delaware law does not recognize an independent cause of action against corporate directors and officers for reckless and gross mismanagement." *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 115, n. 6 (Del. Ch. 2009); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Stumpf*, 2012 WL 424557, at *8 (N.D. Cal. Feb. 9, 2012). Thus, Count II for gross mismanagement must be dismissed.

## J.   **Count III for removal of manager must be dismissed.**

Plaintiff seeks the removal of ADF as a manager of Tranche 1. As set forth above, ADF is not a manager of Tranche 1 and Count III fails. Even if it were, a member must abide by the Operating Agreement's provisions for removing a manager of an entity. *2009 Caiola Family Tr. v. PWA, LLC*, 2015 WL 6007596, at *14 (Del. Ch. Oct. 14, 2015). Plaintiff fails to plead that it has complied with the

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

17

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX

Operating Agreement for the removal of a manger. Thus, the claim must be dismissed.

## IV.

## CONCLUSION

ADF therefore respectfully requests the Court grant its Motion to Dismiss.

DATED this the 13th day of January, 2020.

GARMAN TURNER GORDON LLP


By:*/s/William M. Noall*
   WILLIAM M. NOALL
   California Bar No. 122244
   wnoall@gtg.legal
   650 White Drive, Ste. 100
   Las Vegas, Nevada 89119
   Telephone: 725-777-3000
   Facsimile: 725-777-3112
   *Attorneys for American Dream Fund, LLC*

4827-9476-5744, v. 2

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

18

MOTION TO DISMISS COMPLAINT, CASE NO.:
LACV1909031-JAK-SYX