GARMAN TURNER GORDON LLP
WILLIAM M. NOALL
California Bar No. 122244
Email: wnoall@gtg.legal
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
*Attorneys for American Dream Fund, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENBIN WEI, individually and derivatively on behalf of Nominal Defendant, SLS Tranche 1 Lender LLC,<br><br>Plaintiff,<br><br>vs.<br><br>STOCKBRIDGE CAPITAL GROUP, LLC; AMERICAN DREAM FUND, LLC; CELONA ASSET MANAGEMENT (USA) LTD.; LAS VEGAS RESORT INVESTMENT COMPANY LLC; LAS VEGAS RESORT HOLDINGS LLC; HENRY GLOBAL CONSULTING GROUP; PAM-AMERICA BUSINESS CONSULTING, LTD.; SB GAMING LLC; STOCKBRIDGE REAL ESTATE FUND II CO INVESTORS LV, LP; STOCKBRIDGE REAL ESTATE FUND II-A, LP; STOCKBRIDGE REAL ESTATE FUND II-B, LP; STOCKBRIDGE REAL ESTATE FUND II-T, LP; STOCKBRIDGE REAL ESTATE FUND II-D, LP; STOCKBRIDGE REAL ESTATE FUND II-E, LP; STOCKBRIDGE REAL | Case No.: 19-cv-09031-JAK-SK<br><br>**NOTICE OF MOTION AND APPLICATION FOR ORDER TO SHOW CAUSE AND MOTION TO STAY DISCOVERY**<br><br>Date:     May 4, 2020<br>Time:     8:30 a.m.<br>Judge:    Hon. John A. Kronstadt<br>Courtroom: 10B |

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

i

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

1 | ESTATE FUND III-A, LP;
2 | STOCKBRIDGE REAL ESTATE FUND
3 | III-B, LP; STOCKBRIDGE REAL
4 | ESTATE FUND III-C, LP; LAS VEGAS
5 | RESORT INTERMEDIATE COMPANY
6 | LLC; LAS VEGAS RESORT VOTECO
7 | COMPANY, LLC; MERUELO
8 | INVESTMENT PARTNERS LLC;
9 | ALEX MERUELO,

                                Defendants,

and

SLS TRANCHE 1 LENDER LLC,

                                Nominal
Defendant.

**Garman Turner Gordon LLP**
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

ii

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

## NOTION OF APPLICATION FOR ORDER TO SHOW CAUSE AND MOTION TO STAY DISCOVERY

PLEASE TAKE NOTICE that on May 4, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable John A. Kronstadt of the United States District Court, in Courtroom 10B of the First Street Courthouse located at 350 W. First Street, Los Angeles, CA 90012, Defendant American Dream Fund, LLC ("ADF") will and hereby requests the Court (i) issue an order to show cause directing Plaintiff (1) to identify who drafted his Complaint (defined below); (2) to identify whether Plaintiff has an attorney and if so, the identity and contact information for that attorney; and (3) to state the degree and nature of Ms. Makhsous' involvement in the present action and (ii) stay discovery pending resolution of ADF's pending Motion to Dismiss Complaint [ECF No. 12] ("Motion to Dismiss").

This Application and Motion are based on this Notice, the Memorandum of Points and Authorities below, the Declaration of William Noall, attached hereto as **Exhibit 1**, the argument of counsel at the hearing, and other such matters as may come before the Court on this matter.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**Garman Turner Gordon LLP**
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

iii

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

1      This Application and Motion is made following the conferences of counsel

2  and plaintiff pursuant to L.R. 7-3 which initially took place on December 24, 2019,

3  and a subsequent meeting took place on January 24, 2020.[1]

4      DATED this 31st day of January, 2020.

5                               GARMAN TURNER GORDON LLP

6

7                               By*: /s/ William M. Noall*

8                                 WILLIAM M. NOALL

                               California Bar No. 122244

9                                 650 White Drive, Ste. 100

10                                Las Vegas, Nevada 89119

                               Telephone: 725-777-3000

11                                Facsimile: 725-777-3112

12                                *Attorneys for American Dream Fund, LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27  [1] Regarding the January 24, 2020 meeting, *see Declaration of William M. Noall Regarding Compliance with LR 7-3 Concerning American Dream Fund, LLC's Motion for Court to Issue Order to Show Cause and Stay Discovery*, attached hereto

28  as **Exhibit 1**.

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

iv

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................1

II.  LEGAL ARGUMENT....................................................................................2

A.   The Court should direct Plaintiff to identify the drafter of the Complaint and to state the nature of Ms. Makhsous' involvement. ...............................................3

1.   Tranche 1, ADF and the other defendants will be substantially burdened if an order to show cause is not issued and stay is not granted..............................5

B.   Prevailing law supports a stay of discovery pending a ruling on ADF's dispositive motions..................................................................................................6

1.   ADF's motion to dismiss is dispositive based on relevant case law. ........7

2.   Plaintiff will not be prejudiced by a stay of discovery. ............................9

3.   ADF faces a substantial burden if a temporary stay is not granted. ..........9

4.   Staying this action is convenient for the Court.......................................10

5.   The interests of non-parties to the litigation would be best served by staying discovery. .........................................................................................10

6.   The public interest is best served by staying discovery...........................11

III.   CONCLUSION ..........................................................................................12

**Garman Turner Gordon LLP**
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

# TABLE OF AUTHORITIES

Page(s)

Cases

*Akron Bar Assn. v. Frank*,
  724 N.E. 399 (Ohio 2000)...................................................................11

*California Trout, Inc. v. United States Bureau of Reclamation*,
  115 F.Supp.3d 1102 (C.D. Cal. 2015) ...................................................6

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
  201 F.R.D. 1 (D.D.C. 2001).....................................................................6

*Cincinnati Bar Ass'n v. Bailey*,
  852 N.E.2d 1180 (Ohio 2006)...............................................................11

*Cohen v. Beneficial Loan Corp.*,
  337 U.S. 541 (1949) ...............................................................................10

*Gomes v. Roney*,
  151 Cal. Rptr. 756 (Ct. App. 1979).........................................................5

*In re Am. Int'l Group, Inc.*,
  965 A.2d 763 (Del. Ch. 2009)..................................................................8

*In re Lerner*,
  197 P.3d 1067 (Nev. 2008) ..............................................................11, 12

*In re Marvel Entm't Grp., Inc.*,
  Civ. Nos. 97–638, 98–756, 273 B.R. 58 (D.Del.2002)...........................8

*In re NAHC, Inc. Sec. Litig.*,
  306 F.3d 1314 (3d Cir. 2002)...................................................................8

*Kelly v. Fuqi Int'l, Inc.*,
  2013 WL 135666 (Del. Ch. Jan. 2, 2013) ...............................................8

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)..................................................................................6

*Los Angeles Biomedical Research Inst. at Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.*, 2014 WL 11241786 (C.D. Cal. May 12, 2014).........................7

*McCarter v. Potter*,
  2010 WL 148258 (D. Colo. 2010) ...........................................................9

*McMinn v. Dodson*,
  2012 WL 1415102 (D. Colo. 2012) ..........................................................9

*Naylor Senior Citizens Hous., LP v. Side Const. Co., Inc.*,
  23 S.W.3d 238 (Mo. 2014)........................................................................5

*Phillips v. Tobin*,
  548 F.2d 408 (2nd Cir.1976)....................................................................8

*Pinnavaia v. Moody-Stuart*,
  2009 WL 4899218 (N.D. Cal. Dec. 11, 2009).........................................8

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

*Quinn v. Anvil Corp.*,
  620 F.3d 1005 (9th Cir. 2010)...................................................................10
*Roebuck v. HealthSource Glob. Staffing*, CV 14-00295 RS,
  2014 WL 1245430 (N.D. Cal. Mar. 25, 2014).........................................5
*Skellerup Indus. Ltd. v. City of Los Angeles*,
  163 F.R.D. 598 (C.D.Cal.1995) ..................................................................7
*Strojnik v. Kapalua Land Co. Ltd*,
  379 F. Supp. 3d 1078 (D. Haw. 2019) ......................................................8
*Top Rank, Inc. v. Haymon*,
  2015 WL 9952887 (C.D. Cal. Sept. 17, 2015)..........................................7
*United States v. High Country Broadcasting Co.*,
  3 F.3d 1244 (9th Cir.1993).........................................................................8
*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
  200 F.3d 795 (Fed. Cir. 1999)....................................................................7
*Wood v. McEwen*,
  644 F.2d 797 (9th Cir.1981)........................................................................7

Statutes

**10 Del. C. § 8106(a)** ......................................................................................8

Rules

Fed. R. Civ. P. 26(c) ........................................................................................7
Fed. R. Civ. P. 8 ...............................................................................................8
Fed. R. Civ. P 9(b) ...........................................................................................8
Rule 4.2(a) of the California Rules of Professional Conduct....................2

Other Authorities

L.R. 7 ................................................................................................................iv

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

# I.   **INTRODUCTION**

This action arises from around 400 investors' ("EB-5 Investors") participation in the EB-5 Immigrant Investor Pilot Program (the "EB-5 program"). Each of the EB-5 Investors invested $500,000 in SLS Tranche 1 Lender, LLC ("Tranche 1").[2] Tranche 1 loaned the invested funds to an entity redeveloping the Sahara Hotel & Casino in Las Vegas, Nevada.  *Pro se* Plaintiff, Wenbin Wei ("Plaintiff" or "Wei"), is a Chinese national and Tranche 1 investor, who seeks to bring the present action derivatively on behalf of Tranche 1.

Despite appearing as a pro se plaintiff, Plaintiff admits that he did not draft the complaint [ECF No. 1] ("Complaint"), does not understand its contents, and has a limited grasp of English. Plaintiff refused to disclose who drafted the Complaint or whether they were a licensed attorney. When pressed, Plaintiff stated that he was actually represented by a woman but refused to identify her or disclose whether she was an attorney. Since that time, he says that his representative is a woman located in China that does not appear to be licensed to practice law in California. He further stated that he had unofficial counsel but had not made a decision as to official counsel—it is unclear whether he was using the word "counsel" to mean an attorney.

Upon information and belief, Ms. Xuejun Zoe Makhsous, an investor rights advocate who is not licensed to practice law in this or any other jurisdiction, drafted the complaint and is providing legal advice for a fee. Worse yet, Ms. Makhsous had previously been enjoined from representing SLS investors. Ms. Makhsous' involvement is undeniable. Not only did she reach out to ADF on behalf of Plaintiff, but the Complaint borrows extensively form other pleadings filed by Ms. Makhsous. Plaintiff's new admission that a third-party located in China is also involved in the litigation further muddies the water and creates an untenable position.

---

[2] While ADF acted as the regional center for the Tranche 1 investment, ADF was not a manager of Tranche 1 and is not alleged to have made any false statements to Tranche 1 or any of its investors.

As Plaintiff both claims to be represented and unrepresented, the undersigned is faced with an ethical dilemma under Rule 4.2(a) of the California Rules of Professional Conduct (formerly Rule 2-100(A)). If that representative is an attorney, ADF's counsel must communicate with counsel. If the representative is not counsel, an unauthorized practice of law is ongoing. This untenable situation dictates that the Court issue an order to show cause, directing Plaintiff (1) to identify who drafted his Complaint; (2) to identify whether Plaintiff has an attorney and if so, the identity and contact information for that attorney; and (3) to state the degree and nature of Ms. Makhsous or any third-party's involvement in the present action. Until the issue is resolved, ADF requests the Court stay discovery.

Additionally, per the Court's order, the parties have an ongoing discovery obligation. [ECF No. 14]. Not only are there serious concerns raised by shadow representation, but ADF and the remaining Defendants' proprietary business information and records will be subject to discovery and improper use by unknown parties. There are serious issues with providing business records to a third-party engaged in the unauthorized practice of law that is taking advantage of Tranche 1's members.

Accordingly, ADF respectfully asks the Court to issue an order to show cause, directing Plaintiff (1) to identify who drafted his Complaint; (2) to identify whether Plaintiff has an attorney and if so, the identity and contact information for that attorney; and (3) to state the degree and nature of Ms. Makhsous or any third-party's involvement in the present action. Relatedly, ADF requests the Court stay discovery until the issues surrounding Plaintiff's representation, and other dispositive issues raised in ADR's Motion to Dismiss, are resolved.

## II.   LEGAL ARGUMENT

The Court should issue an order to show cause, directing Plaintiff (1) to identify who drafted his Complaint; (2) to identify whether Plaintiff has an attorney and if so, the identity and contact information for that attorney; and (3) to state the

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

2   APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

degree and nature of Ms. Makhsous or any third-party's involvement in the present action. ADF also requests the Court temporarily stay discovery until it rules on ADF's pending Motion to Dismiss.

A.    **The Court should direct Plaintiff to identify the drafter of the Complaint and to state the nature of Ms. Makhsous' involvement.**

In his 28-page Complaint, *pro se* Plaintiff alleges five causes of action and seeks equitable relief along with $299 million in damages. His Complaint expressly seeks the rescission of the nearly 400 EB-5 Investors' investments.

Plaintiff admits that he did not draft the Complaint, does not understand its contents, and has limited understanding of the English language or the law. [ECF No. 12-9 at ¶ 6]. Plaintiff went so far as to claim that he had counsel, before stating that he did not have counsel and was searching for counsel. [*Id.* at ¶¶ 2-3]. Additionally, he repeatedly refuses to disclose who drafted the Complaint or who is making or helping him to make decisions regarding this litigation. [Noall Decl. at ¶¶8-10]. He now claims that he is being represented by an individual in China, Jane Long. [*Id.* at ¶ 11; Exhibit 1-A]. Ms. Long does not appear to be a licensed California attorney. [*Id.*]. Nonetheless, Plaintiff appears to be directing that communications go through Ms. Long. [*Id.*].

Furthermore, the actual author of the Complaint is believed to be Ms. Makhsous, a non-attorney who would be engaged in the unauthorized practice of law. Ms. Makhsous holds herself out as an advocate for EB-5 investors in legal matters. [ECF No. 12-1 at ¶ 6]. She "is a self-employed translator, researcher, an EB-5 investor rights advocate and an independent paralegal in-training." [Case No. 19-cv-01230, ECF No. 1, p. 2 (N.D. Ill. 2018)]. Ms. Makhsous' business EB5 Arbitration and Litigation Specialists, LLC, admits to providing legal services to EB-5 investors:

> To further assist to protect investors' rights to rescission of Chinese EB-5 defrauded by Defendants, Plaintiff has registered a new firm, EB5 Arbitration and Litigation Specialists LLC in Wyoming, and provides

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

3

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

pro bono interpretation service, pro bono attorney screening and referral, and contingency based arbitration representation in New York and other states permitted by law pursuant Operating Agreements of EB-5 funds Defendants induced Chinese EB-5 investors to sign.

[Case No 19-cv-01230, ECF No. 45, (N.D. Ill. 2018)].

In fact, Ms. Makhsous previously brought an American Arbitration Association proceeding against ADF on behalf of several investors in the SLS project. [ECF No. 12-9 at ¶ 8]. On September 24, 2019, Arbitrator Mark Dosker prohibited Ms. Makhsous from continuing to represent claimants in that proceeding. [*See* ECF No. 12-10].

Two days after the order was issued, on September 26, 2019, Ms. Makhsous distributed a letter SLS investors, including Plaintiff (the "Letter"). [ECF No. 12-4]. Therein, she advised investors to bring a derivative action by October 26, 2019 that seeks the rescission of the at issue loan. [*Id*.]. Plaintiff filed those very claims on October 21, 2019. [ECF No. 1].

In addition, after Plaintiff filed the instant lawsuit, Ms. Makhsous, acting on Plaintiff's behalf, emailed ADF a copy of the Complaint and asked to schedule a meeting between ADF, her and the Plaintiff. [ECF No. 12-1 at ¶ 4; ECF No. 12-8].

It is unmistakable that Ms. Makhsous is engaged in the unauthorized practice of law. Furthermore, she likely drafted the Complaint, as several of the allegations being made in this Complaint are identical to those pled by Ms. Makhsous in the North District of Illinois, where Ms. Makhsous is suing a different EB-5 project on behalf of investors she represented as a consultant. [*Compare* ECF No. 1 at ¶¶ 77-98; *with* ECF 12-12 at ¶¶ 203-230].

Worse yet, Plaintiff refuses to identify whether Ms. Makhsous is involved here. [ECF No. 12-9 at ¶ 2; Noall Decl. at ¶ 9]. Additionally, Plaintiff has now revealed that he is also receiving legal services from another third-party that does not appear to be licensed to practice law in the State of California, Jane Long. [Exh. 1-A].

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

4

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-cv-09031-JAK-SK

**1. Tranche 1, ADF and the other defendants will be substantially burdened if an order to show cause is not issued and stay is not granted.**

If this case goes forward at this stage, direct harm will result to Tranche 1, ADF, Plaintiff and the other Defendants. First, if Plaintiff is subsequently determined to be represented by a non-attorney, Plaintiff will be permitted to void any litigation that was conducted by such non-attorney. *Gomes v. Roney*, 151 Cal. Rptr. 756, 757 (Ct. App. 1979); *see also Naylor Senior Citizens Hous., LP v. Side Const. Co., Inc.*, 23 S.W.3d 238, 246-47 (Mo. 2014). "The reasons for this approach are predicated in public policy designed to preserve the rights of litigants from the mistakes of the ignorant and against injuries caused by the unscrupulous." *Gomes*, 151 Cal. Rptr. at 757; *Roebuck v. HealthSource Glob. Staffing*, CV 14-00295 RS, 2014 WL 1245430, at *2 (N.D. Cal. Mar. 25, 2014). Similarly, if discovery proceeds, Plaintiff, who has already claimed to be unfamiliar with litigation, will not be bound by any decisions made by Ms. Makhsous or Ms. Long. This will prejudice ADF, Tranche I and the other defendants in that they will be unable to rely on the decisions being made on Plaintiff's behalf until there is clarity on who is representing Plaintiff and whether the representation is proper. Thus, the Court should stay discovery until issues surrounding Plaintiff's representation are resolved.

Furthermore, complying with its discovery obligations will require ADF to potentially disclose its own confidential and proprietary business information implicating closely-held investment strategies and sensitive investment data related to the EB-5 Investors, including the personal information of the EB-5 Investors. If Plaintiff is truly *pro se*, ADF has deep-seeded concerns about transmitting vast amounts of confidential information to a *pro se* party who is not trained as lawyer, who admits to having little understanding of the American legal system and the claims in the Complaint or the English language. There is also substantial concern that all or some of the documents will be published domestically and overseas

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

without formal, judicial intervention. This is especially the case as Plaintiff's representative Ms. Long purportedly lives in China.

If Plaintiff is working with a non-attorney, ADF has an even greater concern over the misuse of the information exchanged in discovery. As set forth above, Ms. Makhsous has already misled investors into retaining her in another arbitration. Therefore, it is foreseeable that Ms. Makhsous (or Ms. Long) will likely misuse discovery received. As explained in the AAA decision, non-attorneys pose a threat to the people they represent. [*See* ECF No. 12-10].  There is no question that an unauthorized practice of law jeopardizes the integrity of these proceedings and legal process. Additionally, given the likelihood that ADF's business information will be improperly used and disseminated, discovery should be stayed pending a resolution of the order to show cause.

## B.  Prevailing law supports a stay of discovery pending a ruling on ADF's dispositive motions.

ADF filed a Motion to Dismiss Plaintiff's Complaint on January 13, 2020, based on multiple compelling grounds. [ECF No. 12].  On January 15, 2020, the Court issued a Rule 16 Order initiating discovery [ECF No. 14].  However, in light of questions surrounding the adequacy of Plaintiff's representation and other grounds raised in ADF's Motion, the Court should stay discovery until it rules on ADF's Motion—and the subsequent motions of any appearing defendant.

"The power to stay proceedings is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *California Trout, Inc. v. United States Bureau of Reclamation*, 115 F.Supp.3d 1102, 1117 (C.D. Cal. 2015) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254-55, 57 (1936).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

6                    APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

201 F.R.D. 1, 2 (D.D.C. 2001) (citations omitted)); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Los Angeles Biomedical Research Inst. at Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.,* 2014 WL 11241786, at *7 (C.D. Cal. May 12, 2014) ("A court may "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir.1981).

When considering a stay, courts weigh the following five guiding factors: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendant if a stay is not granted; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015).

Here, the factors weigh in favor of issuing a stay.

### 1. ADF's motion to dismiss is dispositive based on relevant case law.

When considering a stay pending the resolution of a motion to dismiss, courts look to the nature of the motion to dismiss. *Top Rank, Inc.*, 2015 WL 9952887, at *1; *see also Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D.Cal.1995) ("Factors the court should consider include: The type of motion and whether it is a challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.").

Aside from pleading deficiencies under Fed. R. Civ. P. 8 and 9(b), ADF's motion to dismiss establishes why Plaintiff's derivative claims must be dismissed as a matter of law. Foremost, pro se plaintiffs cannot bring a derivative action. *Kelly v. Fuqi Int'l, Inc.*, 2013 WL 135666, at *7 (Del. Ch. Jan. 2, 2013); *Pinnavaia v. Moody-Stuart*, 2009 WL 4899218, at *3 (N.D. Cal. Dec. 11, 2009); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir.1993); *Phillips v. Tobin,* 548 F.2d 408, 415 (2nd Cir.1976); *see also Strojnik v. Kapalua Land Co. Ltd*, 379 F. Supp. 3d 1078, 1080 (D. Haw. 2019)(recognizing pro se litigants cannot bring representative suits). Second, under the circumstances demonstrated above by ADF, including Plaintiff's limited understanding of U.S. law and the English language, Plaintiff cannot adequately represent Tranche 1. [ECF No. 12 at pp. 8-9].

Additionally, the motion to dismiss establishes that the statute of limitations expired two years ago. [ECF No. 12, at pp. 12-23]; *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1325-26 (3d Cir. 2002) (holding "the district court correctly applied the inquiry notice test in determining that 'Appellants were on inquiry notice of that claim no later than June 16, 1999, when NovaCare filed a Form 8–K.'"); s*ee* 10 Del. C. § 8106(a); *In re Marvel Entm't Grp., Inc*., Civ. Nos. 97–638, 98–756, 273 B.R. 58, 80 (D.Del.2002); *In re Am. Int'l Group, Inc.*, 965 A.2d 763, 812 (Del. Ch. 2009), *aff'd sub nom. Teachers' Ret. Sys. of Louisiana v. PricewaterhouseCoopers LLP*, 11 A.3d 228 (Del. 2011).  As the claims are barred, discovery should not go forward.

Additionally, given that Plaintiff seeks the rescission of a 2014 loan and damages of $198 million, there are immigration consequences for hundreds of families if the claims go forward, such that the action requires the Court to carefully inspect the claims and their viability. Finally, as the litigation is at its onset, and there are no counterclaims or cross-claims, the Court should stay discovery until the motion to dismiss is decided.

/ / /

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

8

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-cv-09031-JAK-SK

### 2.     Plaintiff will not be prejudiced by a stay of discovery.

Plaintiff will not suffer any prejudice from granting the Motion to Stay and has no specific interest in expeditious discovery. Plaintiff has expressed that he does not understand what discovery is or the steps moving forward. It is difficult to understand how Plaintiff is going to prosecute a $200 million case without a basic understanding of litigation, his claims, or the law. Nonetheless, he delayed in bringing the action until years after the expiration of the statute of limitations. Thus, delay in this case is attributable to Plaintiff, and in the event ADF's Motion to Dismiss is denied, Plaintiff "will not be unduly prejudiced by this stay because it will not hinder his future ability to fully engage in discovery." *McMinn v. Dodson*, 2012 WL 1415102 (D. Colo. 2012).

Further, it is also in Plaintiff's interest to limit the time and resources he devotes to discovery which may become moot if Plaintiff is deemed to be unable to represent shareholders *pro se* or if ADF's Motion to Dismiss is otherwise granted. *See McCarter v. Potter*, 2010 WL 148258, at *2 (D. Colo. 2010) ("The plaintiff, just as much as the defendant, stands to save expenses while this initial determination is considered by the district court.").

### 3.     ADF faces a substantial burden if a temporary stay is not granted.

As set forth above, if discovery in this case goes forward prior to resolving issues regarding representation, there is a likelihood that Plaintiff's actions will be invalidated based on an unauthorized practice of law. There is also a substantial risk that ADF's and EB-5 Investors' confidential information will be widely disseminated or used to further harm the EB-5 Investors. Given that Plaintiff candidly admits that he is relying on third-parties to assist him in this litigation, that he does not understand U.S. law and thus cannot understand his obligations in connection with this litigation (including to the EB-5 Investors), and is unable to confer or agree on any matter, there is no effective prophylactic that could prevent harm to ADF. Thus, this factor weighs in favor of a stay.

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

9          APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

### 4.    Staying this action is convenient for the Court.

Granting ADF's Motion to Stay would be convenient for the Court because the Motion to Dismiss addresses dispositive issues.  If the Court grants ADF's Motion to Dismiss the action will be resolved. If discovery goes forward now, there will invariably be numerous discovery disputes. Plaintiff admits to being unfamiliar with the legal process. It is unclear how he intends to proceed, but if he prosecutes his claims there are likely to be dozens of depositions and requests for voluminous productions of information. It is likely that the requests will be highly contested, leading to considerable motion practice.

In contrast, if the Court grants ADF's Motion to Stay and later grants ADF's Motion to Dismiss, it will have avoided any discovery disputes. *See Wahlberg v. NV Energy*, 2:19-cv-01494-GMN-BNW (D. Nev. Dec. 2, 2019) ("[A] temporary stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. Ordering the parties to proceed with discovery could potentially clog the Court's docket with discovery disputes on claims that may be dismissed.").

Given that responsive pleadings of numerous defendants are not due for many weeks, the Court's exercise of its discretion to temporarily stay discovery at this juncture will likely ease the burdens on the Court and other parties.

### 5.    The interests of non-parties to the litigation would be best served by staying discovery.

Because derivative suits impact non-parties, derivative suits are suits of last resort. *Quinn v. Anvil Corp.,* 620 F.3d 1005, 1014 (9th Cir. 2010). A derivative suit sounds in equity, which allows a member "to step into [an entity's, here Tranche 1's] shoes and to seek in its right the restitution he could not demand in his own." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 548 (1949). As such, the derivative plaintiff is a fiduciary and the claims are "dependent upon his diligence, wisdom and integrity." *Id*. The Court should therefore look to the interest of the other investors

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

10

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-CV-09031-JAK-SK

that Plaintiff is attempting to represent.

Under the circumstances outlined above, Plaintiff is clearly not an adequate representative of those investors. Furthermore, if successful and/or if the claims go forward, there may be immigration consequences for all Tranche 1 investors, as Plaintiff seeks to rescind the loan that serves the basis of the investors EB-5 participation. In essence, Plaintiff seeks to undo the investors' mandatory investment, making them ineligible for the EB-5 program and therefore migration to the United States.

Furthermore, as admitted by Plaintiff, he is ill equipped and unable to prosecute the claims without the assistance of others and is instead relying on third-party non-attorneys. Given these admissions, it is impossible that Plaintiff could adequately represent Tranche 1 and prosecute its claims. As such, the Court should stay discovery until the adequacy of Plaintiff's representation is resolved.

**6. The public interest is best served by staying discovery.**

The competent resolution of this case directly impacts non-party shareholders and rests in large measure on judicial integrity. It is widely accepted that "the legal system cannot adequately safeguard the public's interest unless it ensures a core level of professional competence and integrity." *Cincinnati Bar Ass'n v. Bailey*, 852 N.E.2d 1180, 1187 (Ohio 2006) (citing *Akron Bar Assn. v. Frank*, 724 N.E. 399, 401 (Ohio 2000) (nonlawyer who "has no idea of judicial procedure, no concept of how to present facts, and [no ability] to interpret case law" was a "living example of why we require character and fitness reviews, examinations of legal ability, and continuing education of those who are permitted to give legal advice and appear in our courts"). "The public interest [] requires that in the securing of professional advice and assistance upon matters affecting one's legal rights one must have assurance of competence and integrity . . . ." *In re Lerner*, 197 P.3d 1067, 1071 (Nev. 2008). The prohibition on the unauthorized practice of law protects the public, as "the public interest therefore requires that in the securing of professional advice

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

11

APPLICATION FOR ORDER TO SHOW CAUSE
AND MOTION TO STAY DISCOVERY
CASE NO.: 19-cv-09031-JAK-SK

1    and assistance upon matters affecting one's legal rights one must have assurance of

2    competence and integrity and must enjoy freedom of full disclosure with complete

3    confidence in the undivided allegiance of one's counsellor in the definition and

4    assertion of the rights in question." *Id.* at 1071. Here, the public, including the other

5    investors in Tranche 1 are best served by a stay of discovery. Not only will it prevent

6    a potential unauthorized practice of law, but it will ensure that all parties legal rights

7    are protected.

8                              **III.    CONCLUSION**

9          For reasons stated herein and good cause shown, ADF respectfully requests

10   the Court issue an order to show cause, directing Plaintiff (1) to identify who drafted

11   his Complaint; (2) to identify whether Plaintiff has an attorney and if so, the identity

12   and contact information for that attorney; and (3) to state the degree and nature of

13   Ms. Makhsous or any third-party's involvement in the present action.  ADR also

14   requests the Court stay discovery until it rules on ADR's Motion to Dismiss.

15         DATED this 31st day of January, 2020.

16                              GARMAN TURNER GORDON LLP

17

18                              By:*/s/William M. Noall*
19                                WILLIAM M. NOALL
                                 California Bar No. 122244
20                               7251 Amigo St., Suite 210
                                 Las Vegas, Nevada 89119
21                               Telephone: 725-777-3000
                                 Facsimile: 725-777-3112
22                               *Attorneys for American Dream Fund, LLC*

23

24

25

26

27

28

Garman Turner Gordon LLP
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

12                    APPLICATION FOR ORDER TO SHOW CAUSE
                      AND MOTION TO STAY DISCOVERY
                      CASE NO.: 19-CV-09031-JAK-SK

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Clark, State of Nevada, and not a party to the above-entitled cause.  On January 31, 2020, I served true copies of the **NOTICE OF MOTION AND APPLICATION FOR ORDER TO SHOW CAUSE AND MOTION TO STAY DISCOVERY** by depositing them in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Wenbin Wei
328 S Sefton Avenue No. A
Monterey Park, CA 91755

Place of Mailing: Las Vegas, Nevada

Executed on the 31st day of January, 2020 at Las Vegas, Nevada

☐   I hereby certify that I am a member of the bar of the United States District Court, Central District of California.

☒   I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☒   I hereby certify under penalty of perjury that the foregoing is true and correct.

By: */s/Anna Diallo*_____
An employee of
GARMAN TURNER GORDON LLP

13